# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| **JASON REBARDI** | **CIVIL ACTION NO. 06-2255** |
| **VS.** | **SECTION P** |
| **BURL CAIN, WARDEN** | **CHIEF JUDGE HAIK** |
| | **MAGISTRATE JUDGE METHVIN** |

## MINUTE ENTRY

Before the court is Jason Rebardi's *pro se* petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2254 on November 28, 2006. Rebardi, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, attacks his 2002 conviction for aggravated rape in Louisiana's Sixteenth Judicial District Court, St. Mary Parish.

On May 21, 2007 the undersigned completed the first stage of an initial review and directed service of process on the respondents; service was effected on May 23, 2007 and the respondents have been directed to file their response on or before June 12, 2007. [docs. 8-11]

On June 5, 2007 petitioner filed the instant Motion for Issuance of Subpoena Duces Tecum which alleged that "... he has learned that the Greenwell Spring House may be in possession of records and/or files which shows that the victim was housed at this facility and made untrue statements that male staff members and/or doctors had allegedly sexually abused her. Additionally, there may be counseling sessions where the victim informed the counselor(s) that she had lied about the Petitioner committing the crime..."[1]

Petitioner asks the undersigned to "... conduct an *in camera* inspection to determine if there are false allegations of sexual abuse by the victim or statements made by the victim whereby she denied that Petitioner was guilty of said crime..." [doc. 12-1]

---

[1] Petitioner did not allege any facts to support his allegations that such evidence actually exists.  He did not allege how he learned of the existence of the sought after records. Further, his motion merely suggest the possibility of the existence of the records.

2

Petitioner's Motion must be denied at this time for two reasons:

(1) His Motion is premature. The issue of petitioner's "actual innocence" is relevant at this stage of the proceedings only if it is determined that petitioner's claims remain unexhausted but procedurally defaulted. See *Dowthitt v. Johnson*, 230 F.3d 733, 741-42 (5th Cir.2000).[2]   Actual innocence can be a <u>gateway</u> through which a *habeas* petitioner must pass in order to have an otherwise barred (i.e. procedurally defaulted) constitutional claim considered on the merits.  Since it has not yet been determined whether petitioner's claims are procedurally defaulted, there is no need to examine the issue of "actual innocence" at this time.

(2) Petitioner's motion provides insufficient detail. He has provided no factual support for his claims concerning the existence of the victim's statements; nor has he provided factual support for the conclusory claim that such evidence exists in the records he seeks to *subpoena*.

In the event that it is determined that petitioner's claims are procedurally defaulted, petitioner may be permitted to provide such evidence as is available to establish his "actual innocence" and thus overcome the bar of procedural default. If so, petitioner may re-file his motion, but, in such event, he must  provide specific factual support for his claim that such evidence exists.

Accordingly, at this time, petitioner's Motion for Subpoena Duces Tecum is **DENIED.**

Signed at Lafayette, Louisiana, on June 11, 2007.

Mildred E. Methvin
United States Magistrate Judge

---

[2]  A stand-alone claim of actual innocence based on newly discovered evidence is not cognizable on federal habeas review. Rather, such a claim can only state a ground for federal habeas relief if there is "an independent constitutional violation occurring in the underlying state criminal proceeding." <u>Herrera v. Collins</u>, 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993).